IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINGTING CHEN, | |
| Plaintiff, | Case No: 1:25-cv-11949 |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," | Judge Mary M. Rowland<br><br>Magistrate Judge Albert Berry, III |
| Defendants. | |

**EX PARTE MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff, TINGTING CHEN ("Plaintiff"), submits this Memorandum in support of Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order, including a temporary injunction, a temporary asset restraint, expedited discovery, and service of process by email and/or electronic publication (the "Ex Parte Motion").

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................... 2
   A. Plaintiff's Copyright and Genuine Products ............................................................. 2
   B. Defendants' Unlawful Activities ................................................................................ 2

III. ARGUMENT ........................................................................................................................ 3
    i. Applicable Standards ................................................................................................. 3
   A. Plaintiff Will Likely Succeed on the Merits ............................................................. 3
   B. Plaintiff Will Suffer Irreparable Harm in the Absence of Injunctive Relief ........... 4
      1. Plaintiff Will Suffer Immediate and Irreparable Harm as a Result of the Loss of Its Copyright Exclusivity .................................................................................. 5
      2. Plaintiff's Ability to Collect Monetary Damages as a Remedy for Infringement is, at Best, Uncertain ....................................................................................... 5
      3. Plaintiff Will Suffer Immediate and Irreparable Harm as a Result of Losing its Market Share and Platform Positioning ........................................................... 6
   C. The Balancing of Harms Favors Plaintiff ................................................................. 6
   D. A Temporary Restraining Order Will Not Harm the Public Interest ..................... 6

IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE ........................................... 7
   A. Temporary Restraining Order Immediately Enjoining Defendants from Further Infringement of the Chen Works Is Appropriate…..................................................7
   B. Preventing the Fraudulent Transfer of Assets is Appropriate ............................... 7
   C. Plaintiff is Entitled to Expedited Discovery ........................................................... 8

V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF ................................... 8

VI. CONCLUSION ...............................................................................................................8

**I.      INTRODUCTION**

Plaintiff TingTing Chen owns U.S. Copyright Registration No. VAu001534208 covering her original mahjong pattern illustrations (the "Chen Works"). Plaintiff brings claims for copyright infringement under 17 U.S.C. § 501 et seq., and for false designation of origin under 15 U.S.C. § 1125(a). Defendants are foreign online sellers identified on Schedule A who operate fully interactive Amazon storefronts that target U.S. consumers and accept orders for shipment to Illinois. Defendants' Amazon storefronts display the accused products and offer shipment to this District. A true and correct copy of the Defendants' Amazon store is attached hereto as Exhibit A (filed under seal). Plaintiff confirmed an offer for sale and completed a test purchase shipped into this District, establishing suit-related contacts with Illinois. A true and correct copy of the test purchase is attached hereto as Exhibit B (filed under seal)**.**

After Plaintiff submitted DMCA takedowns, certain Defendants filed counter-notices intended to trigger reinstatement of the infringing listings under 17 U.S.C. § 512(g) unless a lawsuit is filed and promptly noticed. Reinstatement would immediately divert sales, erode Plaintiff's exclusivity, and encourage relisting and movement of proceeds. Immediate injunctive relief is necessary to preserve the status quo and the Court's ability to grant effective final relief.

Plaintiff seeks a narrowly tailored ex parte temporary restraining order that: (i) enjoins further infringement of the Chen Works; (ii) authorizes a targeted asset restraint limited to proceeds reasonably attributable to the accused listings so that equitable relief in the form of disgorgement of profits under 17 U.S.C. § 504(b) is not rendered meaningless; (iii) permits limited, focused expedited discovery from Amazon and payment processors to identify account holders and the location of proceeds; and (iv) authorizes alternative service by email and through Amazon's messaging tools under Rule 4(f)(3). A bond of $7,000 is appropriate under Rule 65(c).

1

## II. STATEMENT OF FACTS

A. Plaintiff's Copyright and Genuine Products.

Plaintiff is a China-based artist and online seller. She created the mahjong pattern illustrations at issue and owns U.S. Copyright Registration No. VAu001534208 for the Chen Works. She markets genuine products incorporating the Chen Works on U.S. online marketplaces. The registration certificate constitutes prima facie evidence of validity and ownership. 17 U.S.C. § 410(c); *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Plaintiff markets genuine products incorporating the Chen Works on U.S. online marketplaces. (Compl. ¶¶ 1, 8–12; Compl. Ex. A.)

B. Defendants' Unlawful Activities.

Defendants operate Amazon storefronts that advertise and sell products incorporating unauthorized copies or derivatives of the Chen Works. The storefronts display the accused products and offer shipment to Illinois and nationwide. See Ex A. Plaintiff confirmed Defendants' suit-related Illinois contacts by completing a test purchase shipped to an address in this District. See Ex B. After Plaintiff submitted DMCA takedown notices, certain Defendants filed counter-notices that can trigger reinstatement of the infringing listings unless this action is filed and promptly noticed. 17 U.S.C. § 512(g)(2)(B)–(C). Reinstatement would enable continued infringement and diversion of sales before a hearing. The counter-notices and marketplace records supply reliable, working email addresses for Defendants, which support courtesy notice and, if ordered, alternative service. See *Strabala v. Zhang*, 318 F.R.D. 81, 115–16 (N.D. Ill. 2016) (authorizing email service on foreign defendants under Rule 4(f)(3)).

### III.    ARGUMENT

#### i.  Applicable Standards

A temporary restraining order requires a threshold showing of (1) a likelihood of success on the merits, (2) irreparable harm absent relief, and (3) no adequate remedy at law. If those are met, the Court weighs (4) the balance of harms and (5) the public interest on a sliding scale, so that the greater the movant's likelihood of success, the less the balance of harms must tip in its favor, and vice versa. *Winter v. NRDC*, 555 U.S. 7, 20-24 (2008)*; Turnell v. CentiMark Corp.*, 796 F.3d 656, 662-63 (7th Cir. 2015); *Mays v. Dart*, 974 F.3d 810, 818-19 (7th Cir. 2020). The standards for a TRO and a preliminary injunction are the same, and both forms of relief are designed to preserve the status quo pending a merits decision. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A.,* 549 F.3d 1079, 1085-86 (7th Cir. 2008).

The movant must show irreparable harm that is likely, not merely possible, and that legal remedies are inadequate. *Winter*, 555 U.S. at 22. In applying the sliding scale, the Court weighs the harm to the plaintiff without an injunction against the harm to the defendant with an injunction, and then considers the public interest. *Turnell***,** 796 F.3d at 662-63; *Mays***,** 974 F.3d at 818-19. When relief is sought ex parte, Rule 65(b)(1) requires specific facts showing that immediate and irreparable injury will occur before the adverse party can be heard, and counsel must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1).

#### A.  **Likelihood of Success on the Merits (Copyright Infringement)**

To prevail on infringement, Plaintiff must show (1) ownership of a valid copyright and (2) copying of original elements. *JCW Investments, Inc. v. Novelty, Inc.***,** 482 F.3d 910, 914 (7th Cir. 2007). Plaintiff owns U.S. Copyright Registration No. VAu001534208 for the Chen Works, and

3

the registration certificate is prima facie evidence of validity and ownership. 17 U.S.C. § 410(c); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345–48 (1991); see also Compl. ¶¶ 8–12 & Ex. A. The Chen Works consist of stylized mahjong pattern illustrations reflecting creative choices in line work, color, arrangement, and iconography that are protectable expression under the Copyright Act. Feist**,** 499 U.S. at 348–51.

The record shows copying of protectable expression. Plaintiff's screenshots of Defendants' Amazon listings display the accused products with visual content that is substantially similar to the Chen Works in protected details rather than in unprotectable ideas or *scenes a faire*. See Ex. A. The side-by-side imagery confirms near-verbatim appropriation and, at minimum, unlawful derivative use. See Id; see also Ex. B (linking the accused listing to goods shipped into this District through the test purchase). See *JCW*, 482 F.3d at 915-16 (focusing the substantial-similarity inquiry on protectable expression); *Incredible Techs., Inc. v. Virtual Techs., Inc.,* 400 F.3d 1007, 1011-12 (7th Cir. 2005) (comparing the works' expressive audiovisual elements).

The substantial-similarity analysis excludes *scenes a faire* meaning stock features that flow from the subject, style, or functional constraints rather than from protectable original expression. See *Incredible Techs.,* 400 F.3d at 1011-13 (treating standard, genre-driven features as unprotectable scenes a faire*)*; *Design Basics, LLC v. Lexington Homes, Inc.,* 858 F.3d 1093, 1100-01 (7th Cir. 2017) (identifying common design elements as unprotectable); *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.,* 672 F.2d 607, 616 (7th Cir. 1982) (recognizing stock elements as outside protection). On this record, Plaintiff has shown a strong likelihood of success on the merits.

### B. Plaintiff Will Suffer Irreparable Harm in the Absence of Injunctive Relief

Here, legal remedies are inadequate. Money damages cannot compensate for the loss of control over the Chen Works, damage to goodwill, harm to licensing markets, or degradation of

4

marketplace ranking and visibility. The Copyright Act expressly authorizes injunctive relief "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Courts have long recognized that such harms to control and market position are irreparable. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866–67 (9th Cir. 2017).

Plaintiff also seeks an accounting and disgorgement of profits under 17 U.S.C. § 504(b), which is equitable in nature; preserving proceeds traceable to the accused sales is necessary so that equitable relief is not rendered meaningless. See *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (affirming an asset freeze tied to ill-gotten proceeds); *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* No. 03 C 4844 (N.D. Ill. Nov. 8, 2005) (granting a targeted restraint in an intellectual-property case).

1. *Loss of Copyright Exclusivity*

Plaintiff faces imminent irreparable harm through loss of exclusivity, erosion of goodwill, injury to licensing opportunities, and reputational harm, none of which money damages can cure. See *Disney*, 869 F.3d at 866–67. The urgency is heightened by Amazon's counter-notice process, which can reinstate accused listings unless suit is filed and notice is given. See 17 U.S.C. § 512(g)(2)(B)–(C). Reinstatement would divert sales, degrade search placement and sales rank, and invite rapid relisting before a hearing.

2. *Uncertain Collectability of Monetary Damages*

Defendants are foreign, anonymized sellers who can move funds quickly across platforms and borders. Even if damages are awarded, collection is uncertain, which makes legal remedies inadequate during the pendency of this case. See *Redisi*, 309 F.3d at 996 (freezing proceeds to preserve effectiveness of final relief); *Lorillard*, No. 03 C 4844 (N.D. Ill. Nov. 8, 2005) (authorizing a targeted asset restraint in an intellectual-property case).

3. *Loss of Market Share and Platform Positioning*

If the accused listings are reinstated, Plaintiff faces a material risk of losing sales rank, Buy Box priority, and search placement, which reduces visibility and causes ongoing diversion of customers that cannot be reliably reconstructed after the fact. See *WPIX, Inc. v. ivi, Inc.,* 691 F.3d 275, 286–87 (2d Cir. 2012) (finding irreparable harm from loss of control over distribution channels and market substitution).

## C. The Balancing of Harms Favors Plaintiff

Once the threshold showings are met, the Court weighs the parties' harms on a sliding scale. *Turnell v. CentiMark Corp.,* 796 F.3d 656, 662–63 (7th Cir. 2015). Enjoining unlawful copying imposes no cognizable hardship on Defendants, and any lost revenue from infringing sales is self-inflicted. See *WPIX, Inc. v. ivi, Inc.,* 691 F.3d 275, 287 (2d Cir. 2012) (finding the balance of hardships favoring copyright holders because an infringer "cannot complain" about the loss of unlawful revenue). The requested TRO is narrowly tailored and time-limited, and a bond will further protect against any improper restraint.

## D. A Temporary Restraining Order Will Not Harm the Public Interest

The public interest strongly favors enforcing the Copyright Act and stopping ongoing infringement while this action proceeds. The statute expressly authorizes injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Federal courts have consistently recognized that upholding copyright protections serves the public interest by encouraging creativity and safeguarding legitimate market participation. *See Ariz. Sch. Bds. Ass'n v. Copper State Educ. All., Inc.*, 2024 U.S. Dist. LEXIS 220121, at *24 (D. Ariz. Dec. 4, 2024) (finding the public interest served by upholding copyright protections and preventing the misappropriation of creative energies and resources invested in protected works); *Mont. Silversmiths, Inc. v. Taylor*

*Brands, LLC*, 850 F. Supp. 2d 1172, 1184 (D. Mont. 2012) (recognizing that the public benefits by enforcing copyright law and that the primary purpose of the Act is to promote artistic creation); *Battelle Energy All. LLC v. Southfork Sec., Inc.*, 2013 U.S. Dist. LEXIS 149075, at 45 (D. Idaho Oct. 15, 2013) (holding that enforcing copyright protections serves the public interest as "virtually axiomatic").

The requested TRO is narrow and time limited. It targets only the accused listings and related proceeds, preserves the status quo for a short period, and reduces consumer confusion and marketplace manipulation pending a prompt preliminary-injunction hearing.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

### A. Temporary Restraining Order Immediately Enjoining Defendants from Further Infringement of the Chen Works Is Appropriate

Plaintiff seeks an order prohibiting Defendants from manufacturing, importing, distributing, advertising, offering for sale, or selling goods that copy or are derivative of the Chen Works, and from assisting others in doing so. This relief preserves the status quo and is authorized by statute. See 17 U.S.C. § 502(a). The order should bind Defendants and those in active concert or participation with them who receive notice. See Fed. R. Civ. P. 65(d)(2).

### B. Preventing the Fraudulent Transfer of Assets Is Appropriate

Since Plaintiff seeks an accounting and disgorgement of profits under 17 U.S.C. § 504(b), a targeted prejudgment restraint limited to proceeds traceable to the accused sales is warranted. *See CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 996 (7th Cir. 2002) *(affirming a freeze of ill-gotten proceeds)*. The restraint should reach funds held in accounts used for the accused listings, including reasonably identified successor accounts and funds held by payment intermediaries for those accounts. See *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* No. 03 C 4844 (N.D. Ill. Nov. 8, 2005).

7

### C. Plaintiff Is Entitled to Expedited Discovery

Good cause exists to permit limited discovery before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts in this District routinely authorize early third-party discovery to identify online Defendants, confirm account ownership, and preserve transactional records. See *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 624–26 (N.D. Ill. 2000) (allowing expedited discovery for good cause); *Hard Drive Prods., Inc. v. Does 1–90,* No. 11 C 345 (N.D. Ill. Apr. 2, 2012) (authorizing early subpoenas to identify defendants).

Plaintiff's proposed subpoenas are narrowly tailored and proportional under Rule 26(b)(1). They seek only: (i) account-holder identity and contact information, (ii) basic listing and sales data for the accused products, (iii) payment routing and account identifiers sufficient to locate proceeds, and (iv) preservation of responsive records. Limiting discovery to Amazon and the relevant payment intermediaries minimizes burden and focuses on information necessary to effectuate the TRO and any preliminary injunction.

This limited discovery will also confirm suit-related contacts and venue by tying the accused listings to shipment into this District and to U.S. customers. See *NBA Properties, Inc. v. HANWJH,* 46 F.4th 614, 624 (7th Cir. 2022) (finding interactive online sales targeting the forum sufficient for specific jurisdiction); and see also 28 U.S.C. § 1391(b).

### V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

A bond of $7,000 is appropriate under Rule 65(c) given the narrow scope and short duration of the requested TRO and the targeted nature of the asset restraint and discovery.

### VI. CONCLUSION

Plaintiff has shown a strong likelihood of success on the merits, irreparable harm absent immediate relief, and that the balance of equities and public interest favor an injunction. The Court

should grant the requested ex parte TRO, authorize narrow asset restraint, permit limited expedited discovery, and set an expedited schedule for a preliminary-injunction hearing.

Dated: October 10, 2025          Respectfully submitted,

                                                 /s/Alexander Warden
Alexander Warden
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 W 40th Street, 4th & 5th Floors
New York, NY 10018
(347) 420-0279
Plaintiff for TINGTING CHEN