IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINGTING CHEN, | |
| Plaintiff, | Case No: 1:25-cv-11949 |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," | Judge Mary M. Rowland |
| | Magistrate Judge Albert Berry, III |
| Defendants. | |

**PLAINTIFF'S MOTION TO CONVERT TEMPORARY RESTRAINING ORDER TO PRELIMINARY INJUNCTION**

Plaintiff TingTing Chen ("Plaintiff"), by and through her undersigned counsel, respectfully moves the Court pursuant to Federal Rule of Civil Procedure 65 to convert the Temporary Restraining Order entered under seal on October 28, 2025 (the "TRO") into a preliminary injunction against the remaining Defendants identified on Schedule A to the Amended Complaint, specifically Defendants 1, 2, 3, 4, and 7 (the "Remaining Defendants"), and in support states as follows:

1. On October 28, 2025, the Court granted Plaintiff's ex parte motion for a temporary restraining order, including a temporary injunction, a targeted asset restraint, and expedited discovery, and entered the sealed TRO.

2. In granting the TRO, the Court necessarily found that Plaintiff made the required threshold showing for injunctive relief, including likelihood of success on the merits, irreparable

harm in the absence of relief, lack of an adequate remedy at law, and that the balance of harms and the public interest favor temporary relief.

3. Since entry of the TRO, certain Defendants, including Suncle Mahjone-USA and EIMEET Mahjone, have appeared through counsel. On November 5, 2025, Plaintiff voluntarily dismissed Defendants 5 and 6 from this action. The relief requested in this motion is directed only to the Remaining Defendants (Defendants 1, 2, 3, 4, and 7).

4. No Defendant has moved to dissolve or modify the TRO, and no motion has been filed challenging the core factual record that supported the Court's entry of the TRO.

5. Plaintiff relies on the same evidentiary record that supported entry of the TRO, including the Complaint and Amended Complaint, Plaintiff's Ex Parte Memorandum of Law in Support of Motion for Temporary Restraining Order, the Declaration of Alexander Warden and attached exhibits (including screenshots of the accused listings and the test purchase confirmation), and the TRO itself, all of which are incorporated herein by reference.

6. The standards for issuing a TRO and a preliminary injunction are the same. The findings that supported the TRO remain true today, and nothing has occurred since October 28, 2025, to undermine the Court's prior conclusions. To avoid a lapse in protection and to maintain the status quo while this case proceeds, Plaintiff respectfully requests that the TRO be converted into a preliminary injunction pursuant to Paragraph 11 of the TRO and Rule 65.

7. Plaintiff is prepared to post the security required by Federal Rule of Civil Procedure 65(c), and respectfully proposes that the bond amount specified in Paragraph 10 of the TRO, seven thousand dollars ($7,000.00), be set as the bond for the preliminary injunction, or such other amount as the Court deems appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court (a) convert the Temporary Restraining Order entered on October 28, 2025 into a preliminary injunction on the same terms as to the Remaining Defendants (Defendants 1, 2, 3, 4, and 7); (b) order that the bond previously posted in the amount of $7,000 shall remain in effect as security for the preliminary injunction; and (c) grant such other and further relief as the Court deems just and proper.

Dated: November 11, 2025              Respectfully submitted,

                                                          /s/Alexander Warden
Alexander Warden
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 W 40th Street, 4th & 5th Floors
New York, NY 10018
(347) 420-0279
Plaintiff for TINGTING CHEN