**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TingTing Chen, | |
| Plaintiffs, | |
| v. | Case No. 25-cv-11949 |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, | Judge Mary M. Rowland |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff TingTing Chen ("Chen") brings an action for copyright infringement and false designation of origin against various Defendants. Chen has moved for a preliminary injunction [31], which Defendants Suncle Mahjone-USA, EIMEET Mahjone, SOCOLE, JCACENT, and Best-Cool US (together, the "Moving Defendants") oppose. [41] [44].

For the reasons herein, Chen's motion for a preliminary injunction [31] is denied.

**I.     Background**

The facts herein are taken from Chen's complaints [1] [16], motion for entry of a temporary restraining order [11], motion for preliminary injunction [31], reply brief [45], the Moving Defendants' opposition briefs [41] [44], Defendants Suncle Mahjone-USA, EIMEET Mahjone, SOCOLE, JCACENT Answer [51], and the exhibits, declarations, and attachments accompanying those filings. The Court makes "factual determinations on the basis of a fair interpretation of the evidence before the court."

1

*Darryl H. v. Coler*, 801 F.2d 893, 898 (7th Cir. 1986). Yet these findings are preliminary and "do not bind the district court as the case progresses." *Mich. v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011).

Chen is the owner of U.S. Copyright Reg. No. VAu001534208 (the "Chen Works"), which protects her original mahjong pattern illustrations. [16] ¶¶ 1, 8, 9. Chen maintains the exclusive rights in the Chen Works, including the rights of reproduction, distribution, and preparation of derivative works. *Id.* ¶ 16.

The Moving Defendants are individuals and business entities who, upon Chen's belief, reside in the People's Republic of China or other foreign jurisdictions. *Id.* ¶ 14. On Chen's belief, the Moving Defendants have sold products bearing unauthorized copies of the Chen Works to consumers in Illinois. *Id.* ¶¶ 14, 22.

On October 1, 2025, Chen filed this action alleging, among other things, that the Moving Defendants, without Chen's authorization or consent, intentionally copied, reproduced, distributed, displayed, and offered for sale products incorporating unauthorized copies or derivative versions of the Chen Works. [1] ¶ 28. On October 11, 2025, Chen moved *ex parte* for a temporary restraining order[1] ("TRO") [11], which this Court granted on October 28, 2025. [22]. On November 11, 2025, Chen moved to convert the TRO into a preliminary injunction [31].

## II. Standard

---

[1]While Chen's Complaint asserts claims for copyright infringement and false designation of origin, Chen's TRO was only based on the copyright claim.

2

"To obtain a preliminary injunction, a plaintiff must show that it is likely to succeed on the merits, and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without the injunction." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). Once the plaintiff has made this showing, the Court balances "the harm of denying an injunction to the plaintiff against the harm to the defendant of granting one." *Id.* The balancing test is a sliding scale: "[i]f the plaintiff is likely to win on the merits, the balance of harms need not weigh as heavily in his favor." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020). The Court also considers the public interest in deciding whether to grant an injunction. *Life Spine*, 8 F.4th at 539.

## III.   Analysis

The Moving Defendants contend that Chen has failed to satisfy any of the threshold requirements for a preliminary injunction. Because it is dispositive, the Court focuses its analysis on Chen's likelihood of success on the merits.

Before proceeding, however, the Court takes a moment to address Chen's contention that all elements of the preliminary injunction standard have been automatically satisfied because a TRO was previously entered in this case. [31] ¶ 6. The Court disagrees. The TRO in this case was entered *ex parte,* without consideration of the Moving Defendant's arguments and evidence. The Moving Defendants have now responded. Accordingly, the Court can now consider the Moving Defendants' arguments, review (and re-review) the evidence submitted by both

parties, and determine whether Chen has met the standard for preliminary injunctive relief.

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC v. Signature Constr., Inc.*, 994 F.3d 879, 886 (7th Cir. 2021) (quoting, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). As to the first element, Chen submits a certificate of registration for the Chen Works, [16-2], which creates a presumption of a valid copyright. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). The Moving Defendants nevertheless refute the validity of the Chen Works, citing evidence showing that the designs in the Chen Works existed in the public domain years before Chen created the Chen Works. [41] at 3–10. A side-by-side view of a design from the Chen Works and a design the Moving Defendants contend was in the public domain is provided:

| Chen Works | Public Domain |
|:---:|:---:|
| | |

4

[45-3]; [16-2]. Based on this evidence, the Moving Defendants contend that "[b]ecause the design at issue inarguably predates Plaintiff's authorship, Plaintiff cannot show ownership of a valid copyright." [41] at 9.

It is true that "what is in the public domain cannot be appropriated by claiming copyright." *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 643 (7th Cir. 2003). However, where "a work in which copyright is claimed is based on work in the public domain" it still can be "copyrightable" if there exists "enough expressive variation from public-domain or other existing works to enable the new work to be readily distinguished from its predecessors." *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 929 (7th Cir. 2003). Moreover, if a work is independently created, it can be entitled to copyright even though it may be identical to a work in the public domain. *Bryant v. Gordon*, 483 F. Supp. 2d 605, 616 (N.D. Ill. 2007) ("Absent proof of copying [from the public domain], [plaintiff] is entitled to copyright protection for his independently produced work despite its identical nature to a prior work, because it is independent creation, and not novelty that is required.") (quotations and citation omitted); *Design Basics*, 994 F.3d at 885 ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works)..."); *United States v. Hamilton*, 583 F.2d 448, 451 n.4 (9th Cir. 1978) ("a work which results from the independent efforts of its author is copyrightable even though an identical work is already in the public domain.").

The Chen Works and the public domain works identified by the Moving Defendants share an uncanny resemblance. But without evidence that Chen copied

5

the Chen Works from designs in the public domain, the validity the Chen Works would still stand. The Moving Defendants submit no such evidence, and Chen herself contends that she did not copy any such designs. [45-1] ¶ 2. This would normally be the end of the validity debate. The noticeable similarity of the Chen Works with the identified public domain designs, however, gives the Court pause. At its core, the validity question presents a tension between Chen's credibility and the substantial parallels between her copyrighted works and public domain materials. Resolving this tension would ordinarily call for an in-person evidentiary hearing, providing the Moving Defendants an opportunity to cross-examine Chen and allowing Chen to contest the purported similarities.[2] The Court need not take this step, though, as Chen has not sufficiently demonstrated the second requirement of her copyright claim: copying.

Copying "encompasses two distinct questions." *Design Basics*, 994 F.3d at 887. "The first question is whether, as a factual matter, the defendant copied the plaintiff's protected work (as opposed to independently creating a similar work); the second question is whether the copying 'went so far as to constitute an improper appropriation.'" *Id.* (quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)). The first question ("actual copying") "can be proved either directly or indirectly." *Id.* As "[d]irect evidence is rare … many cases turn on inferences to be drawn from circumstantial evidence." *Id.* "A circumstantial case of

---

[2]An evidentiary hearing would also allow the Court to address authentication and translation issues with the parties' evidence.

actual copying requires: (1) evidence that the defendant had access to the plaintiff's copyrighted work (enough to support a reasonable inference that the defendant had an *opportunity* to copy); and (2) evidence of a substantial similarity between the plaintiff's work and the defendant's work (enough to support a reasonable inference that copying *in fact* occurred)." *Id.* (emphasis in original). The second question ("unlawful appropriation"), "*also* looks for substantial similarity between the defendant's work and the plaintiff's work." *Id.* at 888 (emphasis in original). To determine unlawful appropriation "[o]ur circuit, like most others, uses the 'ordinary observer' test for unlawful appropriation: 'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protect[a]ble expression by taking material of substance and value.'" *Id.* (quoting *Wildlife Express*, 18 F.3d at 508–09).

Chen provides no evidence of direct copying and thus must proceed under an access plus substantial similarity approach. Chen's evidence of the Moving Defendants' access to the Chen Works, however, is virtually non-existent. Chen provides no evidence that the Chen Works have ever been given to the Moving Defendants nor any evidence that the Chen Works were so widely distributed so as to create some type of inference of access.[3] Rather, the theory which Chen attempts to apply is based on circumstantial proof of access via similarity between the Moving

---

[3]At best, Chen provides evidence that, at some point, her copyrighted materials were uploaded to https://mymahjongtrove.com. [4]. But "the existence of the plaintiff's copyrighted materials on the Internet, even on a public and 'user-friendly' site, cannot by itself justify an inference that the defendant accessed those materials." *Design Basics*, 858 F.3d at 1108.

Defendants' products and the Chen Works. [11] at 4. An inference of access based on "striking similarity" is a cognizable theory. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997). But in such cases, "[a]ccess (and copying) may be inferred when two works are so similar to each other *and not to anything in the public domain* that it is likely that the creator of the second work copied the first." *Id.* at 1171 (emphasis added). In other words, for "'striking similarity' to establish a reasonable inference of access," "the plaintiff must show that the similarity is of a type which will preclude any explanation other than that of copying." *Selle v. Gibb*, 741 F.2d 896, 905 (7th Cir. 1984).

The existence of the public domain works identified by the Moving Defendants—while perhaps not enough to invalidate the Chen Works—calls into question any inference of access based on Chen's assertions of similarity. For instance, if the Moving Defendants products more closely resembled the public domain designs than the Chen Works, there would be no inference access to anything but the public domain, and, equally, no inference of copying of the Chen Works by the Moving Defendants. Chen, perhaps anticipating this logic, stresses in her reply brief that the Moving Defendants' accused products "align more closely with Plaintiff's original expressive choices than with any third-party source cited by Defendants." [45] at 5–6. This may very well be true. But unfortunately for Chen, she submits no evidence supporting this assertion. She only provides a comparison of the Chen Works with the public domain designs. [45-3]. Without a detailed comparison for the Court to determine the similarities between the Chen Works and the accused products, Chen

cannot establish the "striking similarity" she needs to create an inference of access. Zoomed out screenshots of the Moving Defendants' Amazon pages, [11-3], is not enough.

In sum, Chen has not established copying by the Moving Defendants and therefore has not established a likelihood of success on the merits of her copyright claim.

## IV.    Conclusion

For the stated reasons, Chen's motion for a preliminary injunction [31] is denied. The Motion to Correct the Record [46] is granted. Upon review of the docket, Defendants Suncle Mahjone-USA, EIMEET Mahjone, SOCOLE, and JCACENT have answered Chen's complaint. [51]. Defendant Best-Cool US has yet to answer. Defendant Best-Cool US's answer to Chen's complaint is due by April 27, 2026. With four of the Defendants having answered, this case should initiate traditional discovery. By April 27, 2026, the parties shall file a joint initial status report. A template for the initial status report, setting forth the information required, may be found at https://www.ilnd.uscourts.gov/judges.php by clicking on Judge Rowland's name and then again on the link entitled 'Initial Status Conference.' The Court previously authorized Plaintiff to engage in expedited discovery [23] at 6. The status report should indicate what discovery Plaintiff conducted pursuant to that order. The litigants are further ordered to review all of Judge Rowland's standing orders and the information available on her webpage. The Court will enter a scheduling order in response. Finally, the Clerk is directed to unseal all documents previously sealed in this matter.

E N T E R:

Dated: April 14, 2026

MARY M. ROWLAND
United States District Judge

10